IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 112 HAYWOOD ROAD, LLC | ) |
| *Plaintiff,* | ) Case No. |
| vs. | ) |
| THE UNITED STATES OF AMERICA, | ) |
| *Defendant.* | ) |

## COMPLAINT

### JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1494(a)(1) ("Tucker Act") because this action presents a claim against the United States which is founded upon the Constitution and Statutes of the United States.

2. Plaintiffs claim is based upon 1) The Fifth Amendment to the United States Constitution prohibiting the taking of private property for public use, without just compensation; 2) The National Trails System Act Amendments of 1983; 16 U.S.C. § 1247(d) ("Trails Act"); 3) The Tucker Act, 28 U.S.C. § 1491(a) ("Tucker Act"); and 4) The Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(c) (2000).

### COUNT I

### (TAKINGS CLAIM)

3. The Greenville County Economic Development Corporation ("GCEDC") formerly owned an easement for railroad purposes between milepost AJK 585.34 in East Greenville, SC to milepost AJK 588.63 in Greenville, SC, a distance of 3.29 miles ("the Line").

4. The easement lay across property owned by Plaintiff.

5. Upon abandonment of the easement and/or authorization of use beyond the scope of the easement, Plaintiffs' property would have been unburdened by any easement.

6. Plaintiff 112 Haywood, LLC owned land adjacent to the Railroad Line on the date of the taking. The property owned by Plaintiff 112 Haywood Rd, LLC is located in Greenville County, South Carolina, and includes parcel number 259000100304, and includes the fee title to all that property to the centerline of the abandoned right-of-way that is now subject to an easement for interim trail use.

7. On May 18, 2015, the Surface Transportation Board ("STB") issued a Notice of Interim Trail use ("NITU") relating to the following segment of the Railroad Line: between milepost AJK 585.34 in East Greenville, SC and milepost AJK 588.63 in Greenville, SC, a distance of 3.29 miles, in Greenville County, South Carolina.

8. But for operation of the Trails Act, Plaintiff would have the exclusive right to physical ownership, possession, and use of their property free of any easement for recreational trail use or future railroad use.

9. By operation of the Trails act, the United States took Plaintiffs property which it is Constitutionally obligated to pay just compensation.

10. Plaintiff owned the aforementioned property on the date of the taking, May 18, 2015, and is therefore proper claimant for compensation.

11. Plaintiffs property includes the fee title to the property underlying the former railroad easement.

12. The United States' actions damaged Plaintiff by taking a portion of Plaintiffs property and by diminishing the value of the remaining property and by attenuating delay damages based upon the delayed payment of compensation.

WHEREFORE, Plaintiff respectfully requests a monetary judgment in their favor representing the full fair market value of the property taken by the United States on the date it was taken, including severance damages, delay damages, interest, and costs and attorneys' fees incurred by Plaintiff and for such further relief as this Court may deem just and proper.

Date: September 15, 2015

Respectfully submitted,

STEWART, WALD & MCCULLEY, LLC

By  *Steven Wald*
Steven M. Wald
Michael J. Smith
100 North Broadway, Suite 1580
Saint Louis, MO 63102
Telephone:   (314) 720-0220
Facsimile:   (314) 899-2925
wald@swm.legal
smith@swm.legal

-and-

Thomas S. Stewart
Elizabeth G. McCulley
9200 Ward Parkway, Suite 550
Kansas City, MO 64114
Telephone:   (816) 303-1500
Facsimile:   (816) 527-8068
stewart@swm.legal
mcculley@swm.legal

ATTORNEYS FOR PLAINTIFFS